**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD RICE,

       Movant,

v.                                              Criminal Case No. 07-20498

UNITED STATES OF AMERICA,          Honorable Arthur J. Tarnow

       Respondent.
_____/

**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AS TO NOTICE [84] OF APPEAL**

On August 5, 2009, this court denied Ronald Rice's 28 U.S.C. § 2255 motion. For the reasons that follow, the court declines to issue a certificate of appealability.

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2255 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained such a showing requires the petitioner to demonstrate

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)).

In this Circuit, the Court must make an individualized determination of each claim raised

in the petition in considering whether or not to grant a certificate of appealability.  *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001) (per curiam).

In the instant case, there cannot be reasonable disagreement about the fact that petitioner knowingly and voluntarily entered into the plea agreement and was fully aware that he waived his right to appeal the conviction or sentence.  Therefore, even if his trial counsel did not file an appeal as movant directed, there was no prejudice.

Accordingly, the court DECLINES to issue a certificate of appealability.


SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  August 19, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 19, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager