UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<small>ONALD</small> R<small>ICE</small>,

        Movant,

v.

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

        Respondent.
                            /

Criminal Case No. 07-20498-3
Civil Case No. 09-11605

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

**O<small>RDER</small> D<small>ENYING</small> M<small>OVANT'S</small> M<small>OTION TO</small> V<small>ACATE</small> S<small>ENTENCE</small> [116]**

Movant Ronald Rice, through counsel, filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C § 2255 [116] on October 25, 2016. The Government filed a Response [22] on December 1, 2017. For the reasons stated below, the Court **DENIES** the Motion to Vacate Sentence.

**F<small>ACTUAL AND</small> P<small>ROCEDURAL</small> B<small>ACKGROUND</small>**

On April 24, 2008 Rice pleaded guilty to: Possession with Intent to Distribute Controlled Substances (Count IV) in violation of 21 U.S.C. § 841(a)(1); and Felon in Possession of a Firearm, Armed Career Criminal (Count V) in violation of 18 U.S.C. § 922(g)(1) and (e). The Rule 11 Plea Agreement provided that Rice would be subject to a 15-year mandatory minimum on Count V, pursuant to the Armed Criminal Career Act ("ACCA"), 18 U.S.C. § 924(e)(1). The Plea Agreement further provided a Sentencing Guidelines' range of 188 to 235 months,

based in part on enhancements under the Guidelines' career offender provisions, § 4B1.2(a), and Armed Career Criminal provisions, § 4B1.4, for: a 1981 Attempted Armed Robbery conviction; two 1982 Breaking and Entering an Occupied Dwelling convictions; and a 2007 Assault with Intent to do Great Bodily Harm Less than Murder conviction.

The Court held a Sentencing Hearing on April 24, 2008. At the Hearing, the Court explained:

> All right. I am starting out from the presentence report, which shows a category VI for prior record and a level 31 for participation, which is a 188- to 235-month sentence, which is -- 235 months is 19 years and 7 months. The sentencing guideline range is advisory. It tells me where to start -- at least that's my understanding -- and tells me that a sentence within that guideline range is probably going to be found to be reasonable.
>
> There is a 15-year minimum here, which means 180 months you are going to get no matter what. I have no discretion to go under 180. And, quite frankly, with your record, there's no reason for me to go under 180 or even under the 188 of the bottom of the guideline range. After I start with the guideline range, then I have to consider the seriousness of the offense. Obviously, it's a serious offense. Also your prior record is extraordinary and it's serious.

Sent'g Hr'g Tr. 14:16-25; 15:1-7, Apr. 24, 2008.

Following the Hearing, the Court sentenced Rice to 235 months of imprisonment on Counts IV and V to run concurrent as to each count and concurrent as to his State of Michigan sentence. [Dkt. #55]. Rice did not appeal his conviction.

On April 30, 2009, Rice filed his first Motion to Vacate Sentence [62] pursuant to 28 U.S.C. § 2255. The Court denied the Motion on August 5, 2009. [Dkt. #83]. On August 11, 2009, Rice filed a Notice of Appeal [84]. The Sixth Circuit affirmed this Court's judgment on September 16, 2010. [Dkt. #91].

On October 25, 2016, the Sixth Circuit authorized the filing of a second or successive motion to vacate sentence in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Rice filed the instant Motion to Vacate Sentence [116] on that date. The Government filed a Response [122] on December 1, 2017.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "To prevail on a claim of constitutional error, a prisoner 'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect' on the proceedings." *Fairley v. United States*, No. 12-CR-20786, 2017 WL 2535462, at *1 (E.D. Mich. June 12, 2017) (quoting *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009)).

Rice was sentenced under the ACCA and the career offender provisions of the Sentencing Guidelines. Rice argues that he is entitled to resentencing under *Johnson* because his Attempted Armed Robbery and Assault with Intent to do Great Bodily Harm Less Than Murder convictions no longer qualify as ACCA or career offender predicates.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act [ACCA] was unconstitutionally vague. 135 S. Ct. at 2554. Moreover, *Johnson* is a substantive decision that has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). However, in *Beckles v. United States*, 137 S. Ct. 886, 888 (2017) the Supreme Court declined to extend *Johnson* to the residual clause of § 4B1.2(a) of the Sentencing Guidelines, holding that the Guidelines, unlike the ACCA, are not subject to a vagueness challenge.

In this case, *Beckles* precludes Rice's argument that his prior Attempted Armed Robbery and Assault with Intent to do Great Bodily Harm Less Than Murder convictions no longer qualify career offender predicates under the Sentencing Guidelines.

Furthermore, Rice's argument that he is entitled to resentencing because his convictions no longer qualify as ACCA predicates is without merit. To reach this conclusion, the Court need not rule on whether Rice's Attempted Armed Robbery

conviction constitutes a violent felony under the ACCA.[1] The record at the Sentencing Hearing made clear that the Court sentenced Rice based on the Sentencing Guidelines and the factors contained in 18 U.S.C. § 3553(a). *See* Sent'g Hr'g Tr. at 16:20-23. The Court did not rely on the 15-year mandatory-minimum imposed by the ACCA when it sentenced Rice to a top-of-the-Guidelines sentence of 19 years and 7 months. Additionally, as the Government explained in its brief, the Sentencing Guidelines would have remained the same regardless of whether the Court applied the career offender provisions, §§ 4B1.1 and 4B1.2, or the provisions applicable to the ACCA, § 4B1.4.

In short, Rice fails to show how the characterization of his Attempted Armed Robbery conviction as a "violent felony" had a substantial and injurious effect on the proceedings. Even if the Court were to hold that Rice's Attempted Armed Robbery conviction does not constitute a "violent felony" for purposes of the ACCA's residual clause, such a ruling would have no impact on Rice's sentence. Because Rice has failed to demonstrate any prejudice, the Court **DENIES** his Motion to Vacate Sentence.

---

[1] In its Response [122], the Government concedes: "Rice's conviction for Assault with Intent to do Great Bodily Harm does not qualify as a violent felony, as to him, because he was not convicted of that offense prior to committing the underlying violation of 18 U.S.C. § 922(g)(1) in this case." [Dkt. #122 at 19]. It is undisputed that under the ACCA, Rice's two convictions for Breaking and Entering qualify as violent felonies. Thus, at issue is solely whether Rice's conviction for Attempted Armed Robbery constitutes a third violent felony under the ACCA.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate Sentence [116] is **DENIED**. Movant is **DENIED** a certificate of appealability.

**SO ORDERED**.

s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge

Dated: March 1, 2018