UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EARL PAYTON,
RONALD RICE,

        Defendants.
_____/

Case No. 07-20498-1,3

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SENTENCE REDUCTION PURSUANT TO THE FIRST STEP ACT [127, 138]**

Among congressional efforts to fix prejudicial sentencing disparities for individuals convicted of powder cocaine and crack cocaine offenses was the passage of the Fair Sentencing Act of 2010. *Dorsey v. United States*, 567 U.S. 260, 273 (2012) (noting that the Fair Sentencing Act reduced the crack-to-powder disparity from 100-to-1 to 18-to-1). Because Defendants Earl Payton and Ronald Rice were convicted of crack cocaine offenses in 2008, they did not benefit from the Fair Sentencing Act's remedial effects.

By making the Fair Sentencing Act retroactive, the First Step Act of 2018 presents the Court with the opportunity to impose reduced and, more importantly, fair sentences for Payton and Rice.

"An extra year, day, or moment of freedom from prison, when warranted, is worth pursuing by a prisoner, and, if justified by the law, should be granted by the court." *United States v. Simons*, 375 F. Supp. 3d 379, 382 (E.D.N.Y. Apr. 22, 2019) (J. Weinstein).

For the reasons explained below, the Court **GRANTS** Defendants' Motions for Sentence Reduction Pursuant to the First Step Act [127, 138]. The Court will impose reduced sentences for each defendant following a resentencing hearing.

## PROCEDURAL HISTORY

### A. Earl Payton

On January 25, 2008, Payton pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances Crack/Cocaine (50 grams or more) in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I).

His Rule 11 Plea Agreement provided a Sentencing Guidelines' range of 262 to 327 months. Under the Guidelines in effect at the time, Payton was deemed a career offender based on three prior breaking and entering convictions and one felony drug conviction. The Plea Agreement, which included an enhancement under 21 U.S.C. § 851, provided a 20-year mandatory minimum. On April 24, 2008, the Court sentenced Payton to 300 months (25 years) of imprisonment on Count I.

On March 29, 2019, Payton filed a Request for Appointment of Counsel [134]. On April 24, 2019, he filed a Motion for Reconsideration of Sentence [138] under

the First Step Act. On April 30, 2019, the Court issued an Order [139] appointing counsel and determining that the First Step Act applied to Payton, but requesting additional briefing on the scope of relief to which he may be entitled under the Act.

### B. Ronald Rice

On April 24, 2008, Rice pleaded guilty to: Possession with Intent to Distribute Controlled Substances Crack/Cocaine (5 grams or more) in violation of 21 U.S.C. § 841(a)(1) (Count IV); and Felon in Possession of a Firearm, Armed Career Criminal in violation of 18 U.S.C. § 922(g)(1) and (e) (Count V).

His Rule 11 Plea Agreement provided a Guidelines' range of 188 to 235 months. Under the Guidelines in effect at the time, Rice was deemed a career offender and an armed career criminal, based in part on one attempted armed robbery conviction and two breaking and entering convictions. The Plea Agreement provided a 15-year mandatory minimum on Count V pursuant to the Armed Criminal Career Act ("ACCA"). On Aril 24, 2008, the Court sentenced Rice to 235 months of imprisonment (19 years, 7 months) on Counts IV and V to run concurrent as to each count and as to his state sentence.

On January 16, 2019, Rice filed a Motion for Appointment of Counsel [126] and a Motion for Sentence Reduction Pursuant to the First Step Act [127]. On March 8, 2019, the Court appointed counsel. On April 11, 2019, the Court issued an Order

[136] determining that the First Step Act applied to Rice, but requesting additional briefing on the scope of relief to which he may be entitled under the Act.

### C. Joint Proceedings

On May 22, 2019, the Court held a status conference at which it instructed counsel for Defendants[1] and the Government to file supplemental briefs. On June 13, 2019, defense counsel filed a Supplemental Brief [144] on behalf of both Payton and Rice. On June 14, 2019, the Government filed a Supplemental Brief [145].

On June 20, 2019, the Court, hearing no objection, held a joint hearing on the pending motions.

## ANALYSIS

Section 404 of the First Step Act of 2018 provides:

> (a) Definition of Covered Offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–

---

[1] Attorney Andrew Wise represents both Payton and Rice.

220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391, Dec. 21, 2018, 132 Stat. 5194.

The parties dispute: 1) whether Defendants are eligible for relief under the Act; 2) the scope of relief if eligible; and 3) whether relief is warranted for Payton and Rice.

### A. Eligibility

As the Court explained in its Orders [136, 139], Payton and Rice are eligible for relief under the First Step Act.

The Government disputes eligibility only with respect to Payton. Payton was convicted of 21 U.S.C. § 841(b)(1)(A)(iii), distribution of 50 grams or more of crack cocaine, which, at the time of his sentencing, carried a mandatory minimum penalty of 10 years and a maximum of life. At that time, however, there was a 20-year mandatory minimum for individuals, like Payton, who had a prior drug conviction.

"The Fair Sentencing Act, which took effect on August 3, 2010 . . . lower[ed] the mandatory minimums applicable to many crack offenders, by increasing the amount of crack needed to trigger the 5–year minimum from 5 to 28 grams and the amount for the 10–year minimum from 50 to 280 grams." *Dorsey*, 567 U.S. at 260.

For Payton, the Fair Sentencing Act modified the penalty for his offense of conviction by reducing the 10-year mandatory minimum to a 5-year mandatory minimum. Because of his prior felony drug conviction, "[t]hat five-year minimum would also have been doubled." *United States v. Rose*, No. 03-CR-1501, 2019 WL 2314479, at *2 (S.D.N.Y. May 24, 2019) (citing § 841(b)(1)(A)–(B)). In other words, application of the Fair Sentencing Act to Payton's sentence reduces his mandatory minimum from 20 years to 10 years.

The Government argues that Payton is ineligible for relief because, notwithstanding application of the Fair Sentencing Act, he would still be subject to a possible maximum sentence of life imprisonment. The Government goes on to say that because his statutory maximum remains the same, his career offender guidelines remain the same, and therefore he is ineligible for relief under the First Step Act.

This argument ignores the plain language of Section 404(a) which defines a "covered offense" as an offense for which the statutory penalties were *modified* by section 2 or 3 of the Fair Sentencing Act. It is undisputed that the statutory penalties for § 841(b)(1)(A)(iii) were modified by section 2 of the Fair Sentencing Act. For purposes of eligibility, the issue of whether the Fair Sentencing Act adjusted Payton's career offender status is of no import. *See United States v. Shelton*, No. CR 3:07-329, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019).

Because Defendants were convicted of covered offenses committed before 2010, and because neither has had his sentence previously reduced in accordance with the Fair Sentencing Act, they are eligible for relief under the First Step Act.

### B. Scope of Relief

Having determined that Payton and Rice are eligible for relief, the Court turns to the scope of relief to which they may be entitled under the First Step Act. Section 404(b) vests the Court with the discretion to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The parties agree that the First Step Act falls under 18 U.S.C. § 3582(c)(1)(B) which authorizes the Court to modify a sentence "when expressly permitted by statute."

Defendants argue that the First Step Act gives the Court broad authority with respect to resentencing. Defendants maintain that imposition of a reduced sentence pursuant to the Act requires that the Court consider all relevant sentencing factors, including the Guidelines and case law in effect today, and the defendant's post-conviction conduct.

According to Defendants, section 404(b)'s use of the word "impose," as opposed to "reduce," distinguishes the Act's § 3582(c)(1)(B) authorization from a § 3582(c)(2) sentence reduction which involves "only a limited adjustment to an

otherwise final sentence." *Dillon v. United States*, 560 U.S. 817 (2010). Moreover, Defendants note that throughout Chapter 227 of Title 18, Congress consistently uses the word "impose" to mean consideration of the 18 U.S.C. § 3553(a) factors and the Guidelines in effect at the time of sentencing.

Defendants further maintain that practical application of the First Step Act entails a full resentencing: the only way to reduce a sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed" is to recalculate the Guidelines on all counts.

The Government argues that relief under the First Step Act is much more limited. In the Government's view, the Act authorizes only retroactive application of the Fair Sentencing Act, and not reexamination of other aspects of a sentence.

The Government submits that the Court should apply the Supreme Court's reasoning in *Dillon*—which addressed limited sentence adjustments under § 3582(c)(2)—in construing § 3582(c)(1)(B), the applicable subsection for application of the First Step Act. The Government further submits that because section 404(b) expressly permits only application of section 2 and 3 of the Fair Sentencing Act, the Court cannot go beyond this express authorization to consider any other factor in imposing a reduced sentence. This means that the Court may not revisit its 2008 career offender determination, even though, if sentenced today, neither Payton nor Rice would qualify as a career offender.

District courts across the country are wrestling with this issue. Many courts have ruled that the First Step Act, in conjunction with § 3582(c)(1)(B), does not authorize a full resentencing; broadly applying *Dillon*, they have found that a court's authority under the First Step Act is as constrained as its limited authority under § 3582(c)(2). See *Rose*, 2019 WL 2314479, at *6 (internal citations omitted).

But a growing number of courts have found just the opposite—that the First Step Act vests the Court with broad discretion to resentence defendants considering the § 3553(a) factors, including the case law and Guidelines in effect today. *See, e.g*, *United States v. Stone*, No. 96-cr-403, 2019 WL 2475750, at *2 (N.D. Ohio June 13, 2019); *United States v. Biggs*, No. 05-cr-316, 2019 WL 2120226, at *3 (N.D. Ill. May 15, 2019); *Simons*, 375 F. Supp. 3d 379; *United States v. Dodd*, 372 F. Supp. 3d 795, 797–98 (S.D. Iowa Apr. 9, 2019); *United States v. Powell*, 360 F. Supp. 3d 134, 140 (N.D.N.Y. 2019); *United States v. Newton*, No. 02-cr-30020, 2019 WL 1007100, at *5 (W.D. Va. Mar. 1, 2019); *see also United States v. Booker*, No. 07 CR 843-7, 2019 WL 2544247, at *3 (N.D. Ill. June 20, 2019); *United States v. Black*, No. 04-cr-100, 2019 WL 2402969, at *5 (E.D. Va. June 7, 2019); *Rose*, 2019 WL 2314479, at *7; *Shelton*, 2019 WL 1598921, at *2.

As far as this Court is aware, no circuit court has ruled on the issue. As defense counsel stated at the hearing, the Court is essentially writing on a blank state.[2]

The Court starts with the plain language of the statute which authorizes the Court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(b)'s use of the term "impose" distinguishes a resentencing proceeding under the First Step Act from a sentence reduction under § 3582(c)(2) which does not "impose a new sentence in the usual sense." *Dodd*, 372 F. Supp. 3d at 797 (quoting *Dillon*, 560 U.S. at 827).

The Court agrees with Defendants that the only way to impose a reduced sentence is to consider the § 3553(a) factors and Guidelines, including the defendant's record in prison. *See Biggs*, 2019 WL 2120226, at *3 ("Because the potential reduced penalties for covered offenses could influence the range of recommended penalties for non-covered offenses, 'impos[ing] a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect' entails resentencing on all counts."); *see also Pepper v. United States*, 562 U.S. 476, 481 (2011) (holding that "a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases,

---

[2] At least one case on this issue is pending on appeal in this Circuit. *See United States v. Robert Lawson*, No. 19-3419 (6th Cir. 2019).

support a downward variance from the now-advisory Federal Sentencing Guidelines range.").

This interpretation is in keeping with the purposes of the First Step Act which was enacted, in part, to: provide a remedy for individuals subjected to overly harsh and prejudicial penalties for crack cocaine offenses; decrease the number of people caged in our overcrowded prisons largely because of the War on Drugs; and save taxpayer dollars. *See United States v. Allen*, No. 3:96-CR-00149, 2019 WL 1877072, at *3 (D. Conn. Apr. 26, 2019); *Simons*, 375 F. Supp. 3d at 389.

The Court will not turn a blind eye to the changes in the law and Guidelines which have gone into effect since 2008. Applying outdated and prejudicial Guidelines would subvert both Congress's intent in passing the Act and the Court's duty to get things right. *See Stone*, 2019 WL 2475750, at *2 ("The First Step Act neither directs nor implies that the Court should perpetuate the application of an unconstitutional practice when determining a new sentence that complies with the Act's directives . . . ."); *Black*, 2019 WL 2402969, at *5 ("Allowing the procedural posture of the case to overrun an individual's liberty undermines the integrity of the Court system and the value society places on judges to get things right . . . .").

## C. Sentence Reduction

The Court believes imposition of a reduced sentence for each defendant is warranted.

For Payton, application of the Fair Sentencing Act reduces his mandatory minimum from 20 years to 10 years. Because he is no longer considered a career offender,[3] his current Guidelines' range is 110 to 137 months (9 years, 2 months to 11 years, 5 months). With the applicable mandatory minimum, Payton's Guidelines' range becomes 120 to 137 months.

For Rice, application of the Fair Sentencing Act eliminates his mandatory minimum on Count IV. Before the Court rules on whether the ACCA's 15-year mandatory minimum on Count V is applicable to Rice, the Court will hear oral argument to determine whether his prior breaking and entering convictions, which involved adjacent premises and occurred on the same day, were committed on "occasions different from one another" for purposes of qualifying as predicate offenses.[4] If the Court were to rule in Rice's favor on this issue, his current Guidelines' range would be 92 to 115 months (7 years, 8 months to 9 years, 7 months).

---

[3] It is undisputed that under the current Guidelines neither Payton nor Rice qualifies as a career offender. When sentenced in 2008, Payton and Rice were designated career offenders under § 4B1.2(a)(2) because of their prior convictions for Breaking and Entering of an Occupied Dwelling which, at the time, constituted a crime of violence. In 2016, however, the Sentencing Commission enacted Amendment 798 which dropped burglary of a dwelling from the definition of a crime of violence under § 4B1.2(a).

[4] ACCA imposes a 15-year mandatory minimum for a § 922(g) conviction where the defendant has "three previous convictions . . . for a violent felony . . . committed on occasions different from one another . . . ." *United States v. King*, 853 F.3d 267, 270 (6th Cir. 2017) (quoting 18 U.S.C. § 924(e)(1)).

A resentencing hearing is scheduled for July 8, 2019. At the hearing, the Court will consider the § 3553(a) factors, together with the Guidelines, to impose a reduced sentence for each defendant.

Accordingly,

**IT IS ORDERED** that Defendant Ronald Rice's Motion for Sentence Reduction Pursuant to the First Step Act [127] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Earl Payton's Motion for Reconsideration of Sentence [138] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will issue an amended judgment for each defendant following the resentencing hearing on **July 8, 2019**.

**SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: July 2, 2019                      Senior United States District Judge